UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES C. SITTS,

                              Plaintiff,          9:21-CV-0047
                                                              (GTS/DJS)

   v.

DELAWARE COUNTY CORRECTIONAL
FACILITY, et al.,

                              Defendants.

---

APPEARANCES:

JAMES C. SITTS
Plaintiff, pro se
Otsego County Correctional Facility
172 County Highway 33W
Cooperstown, NY 13326

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

On or about January 14, 2021, pro se plaintiff James C. Sitts ("plaintiff") commenced this civil rights action by filing a complaint, Dkt. No. 1 ("Compl."), accompanied by an application to proceed in the action in forma pauperis ("IFP"), Dkt. No. 2. Pursuant to its obligations under 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A"), the Court issued a Decision and Order on May 12, 2021, granting plaintiff's IFP application and dismissing the complaint for failure to state a claim upon which relief may be granted unless, within 30 days, plaintiff filed an amended complaint that corrected the

defects identified with his original complaint. *See* Dkt. No. 9 ("May Order") at 8.[1]

On or about May 24, 2021, plaintiff filed an amended complaint, Dkt. No. 11 ("Am. Compl."), which has been forwarded to the Court for review.[2]

## II. DISCUSSION

### A. Governing Legal Standard

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the May Order and will not be restated in this Decision and Order. May Order at 2-4.

### B. Summary of the Amended Complaint

Plaintiff's amended complaint alleges that the three individually named defendants (Delaware County Sheriff Craig Dumond, Delaware County Undersheriff Timothy Buckley, and Delaware County Lieutenant Alan Weaver) have failed to follow New York State COVID-19 protocols for quarantining newly arrested detainees and housing them separately from the prisoners in general population in Delaware County Correctional Facility. Am. Compl. at 1.

In addition to naming Dumond, Buckley, and Weaver as defendants, the amended complaint also lists Delaware County Correctional Facility as a defendant. Am. Compl. at 1.

It is unclear whether plaintiff's claims arise under the Eighth or Fourteenth Amendment because it is not clear from the amended complaint whether plaintiff was a pretrial detainee or convicted inmate at the time of the relevant events in this action. *See Darnell v. Pineiro*,

---

[1] The May Order also denied, without prejudice, plaintiff's motion to amend his complaint because plaintiff had not submitted a complete proposed pleading in accordance with the Local Rules of Practice for this Court. *See* May Order at 8.

[2] Because the amended complaint adds three new defendants, the Clerk is respectfully directed to add Craig Dumond, Timothy Buckley, and Alan Weaver to the docket as defendants.

2

849 F.3d 17, 29 (2d Cir. 2017). Nevertheless, liberally construed, the amended complaint asserts conditions of confinement claims against the defendants. *See generally* Am. Compl.

For a complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

Regardless of whether plaintiff's claims against defendants Dumond, Buckley, and Weaver arise under the Eighth or Fourteenth Amendments, the amended complaint must allege that plaintiff "is incarcerated under conditions posing a substantial risk of serious harm and that the defendant prison officials possessed sufficient culpable intent." *Moore v. Kwan*, 683 F. App'x 24, 26 (2d Cir. 2017) (internal quotation marks and alteration omitted); *see also Darnell*, 849 F.3d at 29. Under the Eighth Amendment, officials possess "culpable intent if [they have] knowledge that an inmate faces a substantial risk of serious harm and [they] disregard[] that risk by failing to take reasonable measures to abate the harm." *Moore*, 683 F. App'x at 26 (internal quotation marks omitted). Under the Fourteenth Amendment, whether a defendant acted with "deliberate indifference" is an objective inquiry. *Darnell*, 849 F.3d at 30. Specifically, a court asks whether the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that

3

the condition posed to the [plaintiff] even though the defendant[] knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.*

Regardless of whether plaintiff's conditions of confinement claims arise under the Eighth or Fourteenth Amendments, the amended complaint fails to sufficiently allege either that plaintiff was at risk of substantial harm or that defendants acted with deliberate indifference or unreasonably in light of the that serious risk of harm. The amended complaint alleges only that New York State COVID-19 protocols were not followed in Delaware County Correctional Facility insofar as new detainees were not quarantined and/or confined separately from those prisoners confined in general population. Am. Compl. at 1.

As an initial matter, the violation of a state rule, regulation, or statute does not, on its own, give rise to a constitutional claim. *See, e.g., Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under [Section] 1983.").

Morever, although courts have recognized that "conditions posing an elevated chance of exposure to an infectious disease can pose a substantial risk of serious harm," *Chunn v. Edge*, 465 F. Supp. 3d 168, 200 (E.D.N.Y. 2020), the sparse allegations set forth in the amended complaint do not plausibly suggest that plaintiff was confined in an environment that posed a substantial risk of transmission of COVID-19, or that defendants ignored that risk. While plaintiff alleges that new detainees are not placed in quarantine, he otherwise fails to describe any other conditions of his confinement at the facility that pose a risk of him contracting (or others transmitting) COVID-19. To the contrary, the amended complaint alleges that nursing staff at the facility are closely monitoring some inmates by checking their temperatures twice daily – an allegation that suggests prison officials are routinely tracking

4

the risks posed to inmates. Without more, plaintiff's allegation that defendants are not imposing quarantine mandates on new detainees is not sufficient to plausibly suggest that plaintiff was at substantial risk of serious harm or that defendants unreasonably or with deliberate indifference ignored that risk. *See Chunn*, 465 F. Supp. 3d at 200 ("[W]hether a particular danger poses a substantial risk of serious harm in a prison must be evaluated in light of the steps that the facility has already taken to mitigate the danger.").

Plaintiff's amended complaint, like his original complaint, names Delaware County Correctional Facility as a defendant. *See* Am. Compl. at 1. For the same reasons as those articulated in the May Order, any Section 1983 claim asserted against that defendant is not cognizable. *See* May Order at 5.

Accordingly, for the foregoing reasons, plaintiff's amended complaint is dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk is respectfully directed to add Craig Dumond, Timothy Buckley, and Alan Weaver to the docket as defendants; and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 11) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

5

**IT IS SO ORDERED.**

Dated: July 1, 2021
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge